# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50167 | **DATE** | 1/12/2012 |
| **CASE TITLE** | U.S.A. vs. Charles O. Eubanks | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT - OPINION

Charles Eubanks, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, alleging that his trial counsel was ineffective in several respects. The government has responded. Eubanks also requests an evidentiary hearing.

Relief under § 2255 is available only if an error is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice. Barnickel v. United States, 113 F. 3d 704, 705 (7th Cir. 1997). A claim of ineffective assistance of trial counsel properly may be raised in a § 2255 motion regardless of whether the defendant could have raised the same issue on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

Inherent in the Sixth Amendment right to counsel is that a defendant is entitled to the effective assistance of counsel. Koons v. United States, 639 F. 3d 348, 351 (7th Cir. 2011). The relevant inquiry is whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied on as having produced a just result. Koons, 639 F. 3d at 351. To prevail on an ineffective assistance claim, a petitioner must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his case. Koons, 639 F. 3d at 351. To demonstrate deficient performance, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Koons, 639 F. 3d at 351. A review of the attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Koons, 639 F. 3d at 351.

To establish prejudice in the guilty plea context, a petitioner must demonstrate through objective evidence that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Koons, 639 F. 3d at 351. Merely alleging that he would have insisted on going to trial is inadequate. Koons, 639 F. 3d at 351.

Eubanks's first claim is that his trial counsel was ineffective in failing to advise him that Counts 12 and 14 of the indictment, to which he pleaded guilty, were deficient because they did not charge Eubanks with the knowledge element of 18 U.S.C. § 1951. The indictment in this case charged Eubanks in Counts 12 and 14 with "commit[ting] a robbery... by use of actual and threatened force, violence, and fear of injury to the person" and that Eubanks "took from the presence of an employee, property."

An indictment is legally sufficient if it states all the elements of the crime charged, adequately informs the defendant of the nature of the charge so that he may prepare a defense, and allows the defendant to plead the judgment

| STATEMENT - OPINION |
|---|

as a bar to any future prosecution. United States v. White, 610 F. 3d 956, 958 (7th Cir. 2010). An indictment that tracks the words of the statute to state the elements of the crime is generally acceptable. White, 610 F. 3d at 958-59.

As for the term knowingly in § 1951, an indictment that alleges that a defendant acted unlawfully in taking the property of another by means of actual and threatened force, violence, and fear of injury necessarily imparts an allegation that the defendant acted knowingly, that is, intentionally and voluntarily. United States v. Scott, 2005 WL 1676785, * 8 (N.D. Ind. July 15, 2005). Such language in an indictment places a defendant, without any uncertainty or ambiguity, on notice that knowledge is a necessary element of the charged offense. Scott, at * 8 (citing United States v. Hamling, 418 U.S. 87, 117 (1974)); see also United States v. Woodruff, 296 F. 3d 1041, 1047 (11th 2002).

Here, Counts 12 and 14 each contain language sufficient to apprise Eubanks that it was necessary to prove that he acted knowingly to obtain a conviction as to each count under § 1951. Charging Eubanks with committing a robbery by the actual and threatened use of force, violence, and fear of injury necessarily implied an allegation that he acted knowingly and not because of accident or mistake.[1] Therefore, his trial counsel was not ineffective in failing to inform him of the lack of the express word knowingly in Counts 12 and 14. Accordingly, the court denies the § 2255 motion as to this claim.

The next claim is that trial counsel was ineffective in failing to challenge the indictment for not setting forth the names of the victims of the robberies in Counts 12 and 14. Eubanks fails to cite, nor is the court aware of any, authority requiring that the names of the victims be included in an indictment charging a violation of § 1951. In fact, authority from outside the Seventh Circuit has held that such information is not required to be set forth in an indictment. See, e.g., Almon v. United States, 302 F. Supp. 2d 575, 583 (D.S.C. Feb. 9, 2004). Thus, it was not deficient performance for trial counsel not to have challenged the indictment on this basis.[2] Therefore, the court denies the § 2255 motion as to this claim.

Eubanks next claims that his trial counsel was ineffective in failing to challenge jurisdiction based on the absence in the factual basis of the written plea agreement that Eubanks's conduct affected or could potentially affect interstate commerce. The Government must prove two elements in a prosecution under § 1951: (1) a robbery; and (2) an effect on interstate commerce. United States v. Carr, 652 F. 3d 811, 812 (7th Cir. 2011). The Government need show only that the charged crime had a de minimus or slight effect on interstate commerce. Carr, 652 F. 3d at 813. The effect-on-interstate-commerce burden is satisfied by showing that the defendant robbed an enterprise which engages in interstate commerce.

In this case, Eubanks admitted in his written plea agreement that he was guilty of the charges in Counts 12 and 14, both of which alleged, in part, that he "obstructed, delayed and affected commerce" and that he took property from a business "engaged in... interstate commerce." Further, the factual basis of the written plea agreement states as to Count 12 that Eubanks robbed Englewood Beauty Supply, a "retail store that sells... products... most of which are manufactured outside the [S]tate of Illinois and/or the United States." The factual basis also provides, regarding Count 14, that Eubanks robbed the Soto Jewelry Store, a "retail store that sells jewelry, most of which is manufactured outside the State of Illinois." It is clearly evident that Eubanks admitted to committing a crime that affected or potentially affected interstate commerce. As a result, his trial counsel was not ineffective in failing to challenge jurisdiction on that basis, and the § 2255 motion is therefore denied in that regard.

The next claim is that trial counsel was ineffective in failing to object to the imposition of an 84-month statutory mandatory minimum sentence based on brandishing a firearm when Count 13 of the indictment did not allege any such brandishing. This claim is foreclosed by Harris v. United States, which held that brandishing a firearm is a sentencing factor to be found by the court and not an element of the offense to be found by the jury, 536 U.S. 545, 556 (2002). As such, it need not be charged and proved beyond a reasonable doubt. Therefore, the § 2255 claim that trial counsel was ineffective in failing to object to the 84-month sentence for Count 13 is denied.

Eubanks next raises two related claims: that his trial counsel was ineffective in failing to object to Count 13 because it did not properly charge the "in furtherance element" of § 924(c)(1)(A) and that Count 13 was constructively amended when the Government was allowed to show at the plea proceeding that Eubanks merely possessed the weapon in furtherance even though the indictment alleged the use of the firearm during and in relation to a crime of violence. These related claims lack merit. Count 13 alleged that Eubanks and his co-defendant, Michael Jackson, used and carried a firearm during and in relation to a crime of violence. Further, Eubanks admitted during the plea proceeding that he could be held responsible for the actions of his co-defendants. Additionally, in his written plea agreement, Eubanks admitted that his co-defendants were armed with handguns and that they pointed their weapons at the store owner. Under the totality of these circumstances, the indictment was not constructively amended to allow for

| STATEMENT - OPINION |
|---|

Eubanks's mere possession, and further he admitted to being responsible for use of the weapon as charged in Count 13. Therefore, his trial counsel was not ineffective in this regard.

Eubanks next claims that his trial counsel was ineffective because he failed to inform him that his alleged conduct in Counts 12 and 14 must have affected interstate commerce and that had he been so informed he would not have pleaded guilty to those offenses. This contention is belied by the written plea agreement, which Eubanks both signed and stated he understood, that stated that both Counts 12 and 14 involved robberies affecting interstate commerce. Further, the court advised Eubanks during the plea proceeding that the crimes for which he was charged in Counts 12 and 14 "affected commerce and the movement of articles and commodities in commerce" and that meant that "the place [he robbed] sold goods that come from one state into another." Because the record demonstrates unequivocally that Eubanks knew that the crimes to which he was pleading guilty involved the element of affecting interstate commerce and what that term meant, the failure to inform him of that was not deficient. Accordingly, the § 2255 motion is denied as to that claim.[3]

That leaves Eubanks's final contention that his trial counsel was ineffective for not seeking to have one of the two convictions under Counts 12 and 14 vacated because he was sentenced to pay separate $100 special assessments for each conviction thereby rendering the sentences consecutive as opposed to concurrent in violation of the Double Jeopardy Clause of the United States Constitution. Eubanks's reliance on Ray v. United States, 481 U.S. 736 1987), is misplaced as that case merely held that the sentences at issue were consecutive as opposed to concurrent because there was a special assessment imposed as to each conviction. Neither Ray nor any of the other cases relied on by Eubanks has held that one of two convictions for offenses based on separate conduct must be vacated to avoid a violation of the Double Jeopardy Clause. Here, the convictions under Counts 12 and 14 are based on separate conduct and therefore there is no double jeopardy violation notwithstanding the imposition of a special assessment as to each conviction. Thus, trial counsel was not ineffective for not seeking to have one of the convictions vacated on that basis.

For the foregoing reasons, the court denies the § 2255 motion as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

---

1. To the extent Eubanks relies on United States v. Du Bo, 186 F. 3d 1177 (9th Cir. 1999), that case is distinguishable and is otherwise not binding on this court.

2. The Government notes as well that no prejudice resulted because Eubanks's trial counsel knew the names of the "victims" via discovery.

3. In denying this claim, the court notes that Eubanks has pointed to no objective evidence that he would have insisted on going to trial as opposed to pleading guilty. See Koons, 639 F. 3d at 351. This is an additional reason for denying this claim. The same can be to the extent any of Eubanks's other claims are designed to attack the validity of his guilty plea.